**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Justin Stern, Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state under penalty of perjury that the following is true to the best of my information, knowledge and belief.

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a criminal complaint for the arrest of Wesley David Gilreath relating to violations of Title 18, United States Code, Section 2252A(a)(5)(B), possession of child pornography.

2. I am a Special Agent with the FBI, and have been an agent since December 2004. As a part of my training, I received seventeen weeks of investigative training at the FBI Academy in Quantico, Virginia. Since completing training, I have participated in numerous criminal investigations, which have utilized physical and electronic surveillance, financial analysis, interviews, surreptitious recordings, undercover operations, search warrants, arrests, informants, seizure and analysis of computer information and various other techniques. I have investigated organized crime, drugs, gangs, violent crime, firearms, financial crime, and money laundering. I also investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of the aforementioned statutes. I am currently assigned in Boulder, Colorado, at an office within the FBI's Denver Division.

3. As the primary Case Agent for this investigation, I am familiar with the facts of the case. The facts set forth in this affidavit are based on my personal knowledge as the investigation's Case Agent; knowledge obtained from other individuals including law enforcement personnel; and my review of reports and other evidence. The information contained

within this affidavit does not represent every fact learned by law enforcement during the course of the investigation but includes information sufficient to establish probable cause for the requested complaint.

## RELEVANT STATUTES

4. This investigation concerns alleged violations of Title 18, United States Code, Section 2252A(a)(5)(B), relating to the possession of child pornography.

5. 18 U.S.C. Section 2252A(a)(5)(B) prohibits a person from knowingly possessing any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## DEFINITIONS

6. The following definitions apply to this Affidavit.

7. "Child Pornography" includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct).

8.      "Visual depictions" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. *See* 18 U.S.C. § 2256(5).

9.      "Sexually Explicit Conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or bestiality, or masturbation, or sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. *See* 18 U.S.C. § 2256(2)(A).

## INVESTIGATION

*Execution of Federal Search Warrant on Wesley D. Gilreath's Cellular Telephone*

10.     On June 1, 2019, at approximately 12:46 a.m., Boulder Police Department (BPD) Officer Cody Hartkopp responded to a call that public transit employees recovered an Apple iPhone containing child pornography. Specifically, Officer Hartkopp was dispatched to the vicinity of the Regional Transportation District (RTD), 1710 Exposition Drive, Boulder, Colorado. I have reviewed a copy of Officer Hartkopp's investigation of the matter, maintained in BPD case number 19-05931.

11.     Officer Hartkopp interviewed "RTD employee 1," who was responsible for cleaning and servicing all buses upon their return to the terminal. On May 31, 2019, at approximately 11:41 p.m., RTD employee 1 began cleaning RTD bus number 3703 upon its return to the terminal. RTD employee 1 observed a black Apple iPhone left on the dashboard between the steering wheel and windshield, a location where bus drivers leave forgotten

property.[1]  Thereafter, RTD employee 1 notified an RTD supervisor and placed the Apple iPhone on the RTD customer service counter and resumed cleaning.

12.  "RTD employee 2"[2] and "RTD employee 3" then arrived to investigate the Apple iPhone in an attempt to identify its owner.  RTD employee 2 observed that the Apple iPhone was unlocked and accessible.  RTD employee 2 then unlocked the Apple iPhone and was immediately taken to the Apple iPhone's photos.  RTD employee 2 observed that the Apple iPhone's photos contained various child pornography.  RTD employee 2 stated that s/he was familiar with child pornography via his/her former employment with Child Protective Services.  Thereafter, RTD employee 2 notified an RTD supervisor; the pair then called the police.

13.  After investigating the matter on-scene, Officer Hartkopp took the Apple iPhone into BPD custody.  Upon returning to BPD, Officer Hartkopp unlocked the Apple iPhone and accessed its photos in the manner described by RTD employee 2.  After reviewing contents of the Apple iPhone's photos, Officer Hartkopp accessed the Apple iPhone's security settings to look for any emergency content information and observed that the Apple iPhone was logged into a particular Apple Account.

14.  On June 20, 2019, Colorado State Judge Patrick Butler authorized a search warrant for the Apple iPhone (search warrant number P19-5931).  BPD Detective Beth McNalley applied for the search warrant.  Thereafter, pursuant to the state search warrant BPD accessed the Apple iPhone, extracted and analyzed its contents.  This affidavit intentionally

---

[1] On July 27, 2019, Officer Hartkopp advised me that his report mistakenly identified May 30, 2019, as the date RTD Employee 1 recovered the Apple iPhone.  RTD Employee 1 actually recovered the Apple iPhone on May 31, 2019, approximately one hour before Officer Hartkopp responded to the call during the early hours of June 1, 2019.

[2] Based on a query of the National Crime Information Center, RTD Employee 2 had several arrests and possibly two convictions for theft-related offenses in the 1990s.

omits any information or evidence derived from BPD's review of the contents of the Apple iPhone.

*Evidence Identifying Gilreath as the Owner/User of the Apple iPhone*

15.     On July 25, 2019, United States Magistrate Judge Kristen L. Mix authorized a search warrant (*see* 19-SW-5759-KLM) for the contents of the Apple iPhone for evidence, fruits and instrumentalities of violations of: Title 18, U.S.C. § 2252, Certain Activities Relating to Material Involving the Sexual Exploitation of Minors; Title 18, U.S.C. § 2252A, Certain Activities Relating to Material Constituting or Containing Child Pornography.  On July 26, 2019, I executed the search warrant.  Thereafter, with the assistance of an FBI Computer Scientist, I began identifying and analyzing items and information on the phone, as authorized by the search warrant.

16.     Among other things, the extraction identified the cellular telephone as: an Apple iPhone 5; having last used mobile telephone number 1-317-777-1511; and having Apple identification "videomagazinist@gmail.com."  The name "Wes Gilreath" was noted in the telephone's contacts having email address videomagazinist@gmail.com.  An email retrieved from the Apple iPhone was sent from videomagazinist@gmail.com on April 7, 2019, at approximately 3:29:16 a.m.

17.     Messaging information on the Apple iPhone identifies Wesley D. Gilreath (GILREATH) as its owner.  On November 9, 2018, at approximately 4:07:24 p.m., telephone number 1-317-777-1511 sent an "iMessage" to telephone number 1-317-407-3515, identified as "Dad."  The message reads [verbatim]:  "I don't know what this is about and it is not okay for me to get random charges to my debit card."  A photograph is attached to the message.  The photograph is titled "IMG_0008.JPG."  I have reviewed the photograph, which appears to be a

healthcare statement from Kaiser Permanente, titled "Premium Bill." The statement is addressed to: Wesley David Gilreath; 3605 Table Mesa Dr Apt M256, Boulder, Colorado 80305-5858. The premium due date is October 31, 2018.

18. On July 22, 2019, I caused a query of a Colorado Division of Motor Vehicles database for information concerning GILREATH. The results showed Colorado driver's license number 17134851 was issued to GILREATH on May 24, 2019. The license identified GILREATH's full name as Wesley David Gilreath. The address listed on the license is 3605 Table Mesa Dr Apartment M256, Boulder, Colorado 80305-5858. GILREATH's birth year is listed as 1990.

19. During the course of my investigation, I learned that the FBI has had prior contact with GILREATH. Specifically, on January 24, 2019, FBI Task Force Officer (TFO) Eric Miller interviewed Wesley D. Gilreath in Boulder, Colorado, after receiving information that GILREATH had posted a "Montana Hunting Guide" online. The FBI identified GILREATH as the poster after receiving a tip advising that a then unknown entity was posting "hunting guides" concerning: Jews; Muslims; Bureau of Land Management and Montana National Guard facilities; and a refugee center. I am aware that FBI investigators understand some such "hunting guides" to contain information that may be used to violently target individuals or entities with belief systems, identities, ethnicities, religions, political views or other matters antithetical to their own.

20. GILREATH's attorney, Jason Savela, was present during the FBI interview. During the interview, GILREATH provided personally identifying information, including the home address, phone number, and email addresses mentioned previously in this affidavit. GILREATH also stated that his father's name is David Gilreath and that he resides in Carmel,

Indiana. GILREATH's father's telephone number was provided as 317-844-5671. GILREATH created an audio recording of the interview, and the FBI later learned that he posted or attempted to post the recording on his YouTube webpage.

21. Review of the Apple iPhone revealed that on January 4, 2019, at approximately 8:12:59 a.m., telephone number telephone number 1-317-407-3515, identified as "Dad," sent an iMessage to telephone number 1-317-777-1511. The message reads [verbatim]: "Good morning. Could you please text me the time of your interview and the name of the special agent? Thanks[.]" On January 4, 2019, at approximately 8:14:11 a.m., telephone number 1-317-777-1511 sends an iMessage to 1-317-407-3515, stating [verbatim]: "Wednesday @ noon w/Special Agent Nathan Miller."

22. On January 7, 2019, at approximately 3:06:29 p.m., telephone number telephone number 1-317-407-3515, identified as "Dad,"[3] sent an iMessage to telephone number 1-317-777-1511. The message reads [verbatim]: "Did Jason Savela call you?"

23. On January 17, 2019, at approximately 2:00:18 p.m., telephone number 1-317-777-1511 sent an iMessage to telephone number 1-317-407-3515, identified as "Dad." The message reads [verbatim]: "Our meeting with the FBI is set for this Wednesday."

---

[3] The results from LexisNexis query of telephone number 317-407-3515 associated the telephone number with an individual known as David Gilreath, a Social Security number ending in 2202, and three addresses. One of those addresses is 1022 Henley Circle, Carmel, Indiana 46032-7713. On July 28, 2019, I obtained a copy of David Gilreath's Indiana driver's license, number 8909261977. The license identified David Gilreath's full name as David S. Gilreath. David S. Gilreath's Social Security number was listed as ending in 2202. The address listed on the license is 1022 Henley Circle, Carmel, Indiana 46032. David S. Gilreath's birth year was identified as 1956. I submit that David S. Gilreath is Wesley D. Gilreath's father.

24.     On May 28, 2019, at approximately 9:30:38 a.m., a video named "Wes Gilbreath terrorism interrogation.mov" was created on the Apple iPhone. I was unable to actually view the video file.

25.     On July 23, 2019, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent John Zavodsky provided information to FBI Special Agent Marisa Budwick concerning GILREATH's attempted purchase of a firearm at the Gunsport firearms shop in Boulder on May 24, 2019. GILREATH completed ATF form 4473 as part of the attempted purchase. I have reviewed a copy of GILREATH's completed form 4473. GILREATH listed his residence as 3605 Table Mesa Drive M256, Boulder, Colorado 80305. GILREATH presented identification was Colorado driver's license number 17134851. According to Agent Zavodsky, GILREATH's attempted purchase was denied.

26.     On May 24, 2019, at approximately 2:48:33 p.m., telephone number 1-317-777-1511 sent an iMessage to "Dad" at telephone number 1-317-407-3515. The message reads [verbatim]: "You've permanently ruined my ability to buy a gun in CO and other states."

27.     On July 23, 2019, Agent Budwick received information from a Boulder Creek Apartments Employee, employed in a property management capacity for the complex housing 3605 Table Mesa Drive M256, Boulder, Colorado 80305. According to the employee, GILREATH currently resides at 3605 Table Mesa Drive M256, Boulder, Colorado 80305 on a month-to-month lease and has telephone number telephone number 317-777-1511.

28.     During the course of my investigation, I learned that the National Center for Missing and Exploited Children previously provided FBI Headquarters' Violent Crimes Against Children Section with several tips regarding the possible possession, distribution and online posting of child pornography with email accounts, social media and other entities now believed

to be associated with GILREATH. As part of that investigation, on June 18, 2019, FBI Headquarters served an administrative subpoena on T-Mobile for account information concerning telephone number 317-777-1511. The subpoena requested records and information from December 1, 2018 to June 17, 2019. On June 19, 2019, T-Mobile provided records to the FBI, in compliance with the subpoena. The results showed: the then current subscriber was David Gilreath; the billing and service addresses were identified as 1022 Henley Circle, Carmel, IN 46032; and that David Gilreath was the subscriber during the requested date range. I submit that GILREATH possessed and used the aforementioned Apple iPhone having telephone number 317-777-1511, while David S. Gilreath, GILREATH's father, likely paid the bill and was identified as the subscriber.

*Evidence of Possession of Child Pornography*

29.     I have reviewed some of the content of the Apple iPhone that is material involving a sexual interest in minors. In summary, the content includes thousands of still images of prepubescent minor males and females, ranging in apparent ages from infants to pre-teens. The prepubescent minors are often shown nude, with exposed genitalia in sexual positions and/or poses; engaged in sexual acts with themselves, adults, other minors and/or implements; as well as subject to bondage and/or sexual torture. Hundreds of videos of a similar nature are also present. Metadata attributed to many of the relevant still images reveals that they were saved on the Apple iPhone itself, rather than temporarily cached. Specifically, many were located in subfolders under: "iPhone/var/mobile/Media/DCIM/." The dates on which these images were saved to the Apple iPhone spans from at least on or about March 24, 2019, to on or about May 29, 2019. Four examples of images saved to the Apple iPhone during this date range are as follows:

    a. IMG_3081.jpg: This image depicts a prepubescent minor female. She is nude and lying on her back with her arms and legs are spread apart. She is blindfolded and bound to the floor with black restraints on her wrists and ankles. Her genitalia is exposed.

    b. IMG_5003.jpg: This image depicts a prepubescent minor female. She is nude and lying on her back with her legs spread apart. She is blindfolded. Her genitalia would be visible but for the fact a dog appears to be placing its mouth on the genitalia of the child.

    c. IMG_2308.jpg: This image depicts a prepubescent minor female. She is lying on her back. Her bare chest and her face are visible. An adult penis is near her face; a substance appearing to be ejaculate is on her mouth, chin, and neck.

    d. IMG_3845.jpg: This image depicts a female infant or toddler who appears to be under two years of age. She is nude and is lying on her back. Her arms are raised above her head. Her legs are spread apart and her genitalia and anus are fully visible. The focus of this image is on the child's genitalia and anus.

30. In addition to the images described above, there are numerous images and videos on the Apple iPhone depicting the sexual abuse and/or torture of infants and/or toddlers. The forensic examination of the Apple iPhone is ongoing, and additional forensic analysis is needed to determine the dates on which these additional images and videos came to reside on the Apple iPhone.

31. I submit the Apple iPhone's Internet search history also shows evidence that GILREATH sought violent child pornography. On May 19, 2019, at approximately 2:45:05

a.m., an internet search using the Safari browser was conducted using the following phrase [verbatim]: "white toddler raped by big black cock."

32. I submit other Internet searches demonstrate GILREATH's knowledge such content is child pornography. On May 19, 2019, at approximately 2:42:44 a.m., an Internet search using the Safari browser was conducted using the following phrase [verbatim]: "interracial child porn." On May 6, 2019, at approximately 9:11:58 p.m., an Internet search using the Safari browser was conducted using the following phrase [verbatim]: "pdf Pedophile's Guide to Love and Pleasure Philip R. Greaves."

33. I submit the Apple iPhone's visited website history further demonstrates GILREATH seeking child pornography. On May 18, 2019, at approximately 12:40:13 a.m., a website was visited having the title [verbatim] "/mir/ ~ babypussy[.]"[4] On May 17, 2019, at approximately 11:53:23 p.m., a website was visited having the title "/mir/ ~ youngpenetration[.]"

34. Based on an FBI Computer Scientist's research that was conveyed to me, the Apple iPhone 5 was likely assembled in Shenzen, China. I am unaware of any Apple iPhones manufactured in the State and District of Colorado.

---

[4] I understand the notation "/mir/ ~" to be computer directory information.

## CONCLUSION

35. Based on the investigation described above, I believe that there is probable cause to believe that Wesley David GILREATH has committed violations of Title 18, United States Code, Section 2252A(a)(5)(B), possession of child pornography.

36. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully Submitted,

s/ Justin Stern_____

Justin Stern
Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN before me this \_\_31st\_\_ day of \_\_July\_\_ 2019

*N. Reid Neureiter*
United States Magistrate Judge

**Reviewed and submitted by Julia Martinez, Assistant United States Attorney**