IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00384-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WESLEY GILREATH,

        Defendant.

_____

**UNOPPOSED MOTION FOR EVALUATION OF COMPETENCY UNDER § 4241(b)**
_____

      Wesley Gilreath, through his attorney, Assistant Federal Public Defender Laura H. Suelau, moves this Court to order that Mr. Gilreath be evaluated to determine whether he is mentally competent to proceed, as that term is defined in 18 U.S.C. § 4241. Mr. Gilreath requests that the Court order that, unless impracticable, the evaluation be conducted by local psychiatrist, Dr. Susan Bograd, who is qualified as an expert in the field of forensic psychiatry. The Government does not oppose this motion, including the request that Dr. Bograd be the competency evaluator. In support thereof, Mr. Gilreath states:

**I.**    **Statement of relevant facts.**

      Wesley Gilreath was initially charged by complaint in this case and appeared before the Court on August 1, 2019. An indictment was filed on August 22, 2019

charging him with two violations of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Doc. 12. Mr. Gilreath pled not guilty at arraignment on August 30, 2019. He was ordered detained. He is currently being held at the Federal Detention Center. The current 70-day date, exclusive of tolled time, is January 29, 2020. Docs. 20 and 21.

At Mr. Gilreath's preliminary and detention hearing and in the Criminal Complaint, the Government proffered that Mr. Gilreath attempted to purchase a firearm in May 2019. Subsequent phone messages, allegedly authored by Mr. Gilreath, state: "you've permanently ruined my ability to buy a gun in CO and other states." Doc. 1. Disclosures by the government, and investigation by the undersigned, revealed that Mr. Gilreath was prevented from purchasing a firearm because his father, Dave Gilreath, invoked a C.R.S. § 27-65-105 "Emergency Procedure" in 2016.[1] Counsel has subsequently obtained partial records related those 2016 proceedings. Further, the Pretrial Services Report stated that Mr. Gilreath had a past diagnosis of schizophrenia.

---

[1] "When any person appears to have a mental health disorder and, as a result of such mental health disorder, appears to be an imminent danger to others or to himself or herself or appears to be gravely disabled, then an intervening professional, as specified in subsection (1)(a)(II) of this section, upon probable cause and with such assistance as may be required, may take the person into custody, or cause the person to be taken into custody, and placed in a facility designated or approved by the executive director for a seventy-two-hour treatment and evaluation." Colo. Rev. Stat. Ann. § 27-65-105 (West).

Counsel has met with Mr. Gilreath, on several occasions, in the company of a defense investigator. Based on the information discussed at the detention hearing; her interactions with Mr. Gilreath; discussions with her investigator; her review of records obtained from mental health treatment professionals who have worked with Mr. Gilreath in the past; and her review of the discovery that has been provided to date, undersigned counsel has reason to believe that Mr. Gilreath is suffering from a mental disease or defect that makes him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Because of the suspected nature of his mental disease (schizophrenia, rather than, e.g., an intellectual disability), the examination is best conducted by a psychiatrist rather than a psychologist.

In District of Colorado cases, defendants who are ordered to be evaluated under § 4241 are often sent to facilities outside of the State of Colorado unless the Court specifies a local evaluator in its order. The evaluation process in those cases can take far longer than a local evaluation, and involve a great deal of travel.[2] Undersigned counsel

---

[2] For example, in *United States v. Henry Soto*, 16-CR-00138-CMA, the Court ordered an evaluation on May 9, 2016. The defendant was then transported to Oklahoma City – a standard routing point – on his way to a medical facility in San Diego, California. By the time Mr. Soto arrived in San Diego on June 16, the facility no longer had the capacity to do his evaluation. He was then routed through Oklahoma City again, and this time sent to Springfield, Missouri, where he finally arrived on July

contacted Dr. Bograd, who is available and willing to take this assignment.[3]

## II.     The Court should order a competency evaluation at this time.

The Constitution prohibits the trial of a defendant who lacks mental competency. *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). The Court may order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The test for competency to stand trial asks whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a

---

21, 2016.  Given the statute's presumption that transportation will only take 10 days, this led to a contested speedy trial motion.  *See* Gov't Response to Def. Mot. to Dismiss for Viol'n of his Right to a Speedy Trial, *United States v. Henry Soto*, 16-CR-00138-CMA, Doc. 44 (Oct. 17, 2016).

[3] In many instances, judges in the District of Colorado have specifically referred cases to Dr. Susan Bograd for competency evaluations. *See, e.g.,* Order for Competency Evaluation, *United States v. Michael James Seaton*, 18-cr-00027-RBJ, Doc. 19 (Feb. 13, 2018); Order for Competency Examination and Determination, *United States v. Robert Lee Martinez*, 15-CR-00314-WJM, Doc. 28 (March 11, 2016); Order, *United States v. Michael Maestas*, 14-CR-00100-MSK, Doc. 28 (July 31, 2014); Order for Competency Evaluation, *United States v. Mike Louis Torres*, 11-CR-00342-LTB, Doc. 18 (Oct. 20, 2011).  These evaluations have then taken place where the defendant was already being held in pretrial custody, including at the Federal Detention Center in Englewood, Colorado.

rational as well as factual understanding of the proceedings against him." *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations omitted); *see also Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."); *United States v. Deshazer*, 554 F.3d 1281, 1286 (10th Cir. 2009).

Before holding a competency hearing, a "court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." 18 U.S.C. § 4241(b). For the purpose of conducting such an examination, the Court may commit the defendant to the custody of the Attorney General for a reasonably period, not to exceed 45 days, for placement in a suitable facility. 18 U.S.C. § 4247(b). Unless impracticable, the examination is to be conducted in the suitable facility *closest to the court*. *See* 18 U.S.C. § 4247(b).

Any period of delay resulting from "any examinations, to determine the mental competency . . . of the defendant" are excluded from computation of time by which trial must commence under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Additionally,

"delay resulting from transportation of any defendant from another district . . . to and from places of examination" are excluded – but "any time consumed in excess of ten days . . . shall be presumed to be unreasonable." 18 U.S.C. § 3161(h)(1)(F); *see also United States v. Tinklenberg*, 563 U.S. 647 (2011) (upholding dismissal of case where transportation for competency evaluation took 20 days and Government provided no justification for excess time).

**III.   Conclusion**

As discussed above, there is reason to believe that Mr. Gilreath may be incompetent. Therefore, it is requested that the Court order he be evaluated for competency. Additionally, in order to assure that the examination will be conducted at the suitable facility closest to the Court, by a previously qualified expert in the field of forensic psychology, Mr. Gilreath requests that Dr. Bograd be the competency evaluator.

Mr. Gilreath and the government request that all presently set trial-related dates and deadlines be vacated pending Dr. Bograd's evaluation and any subsequent proceedings or orders related to the instant motion.

//

//

//

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/Laura Suelau
LAURA SUELAU
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Laura.suelau@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on November 5, 2019, I electronically filed the foregoing **UNOPPOSED MOTION FOR EVALUATION OF COMPETENCY UNDER § 4241(b)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Julia Martinez, AUSA
    Email: julia.martinez@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Wesley Gilreath        (via Mail)
    c/o Federal Detention Center

                              s/Laura Suelau
                              LAURA SUELAU
                              Assistant Federal Public Defender
                              633 17th Street, Suite 1000
                              Denver, CO  80202
                              Telephone:  (303) 294-7002
                              FAX:  (303) 294-1192
                              Laura.suelau@fd.org
                              Attorney for Defendant