**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No. 19-cr-00384-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WESLEY DAVID GILREATH,

    Defendant.

---

## ORDER DIRECTING COMPETENCY EVALUATION

A hearing in this matter was held on the 13th day of November, 2019. The Government appeared by Assistant United States Attorney Julia Martinez. The Defendant appeared in person and by counsel, Assistant Federal Public Defender Laura Suelau.

Upon consideration of the defense and Government counsels' statements and upon the Court's observation of Defendant and understanding of the pertinent facts in this matter, the Court finds:

(1)    Pursuant to 18 U.S.C. § 4241(a), there is reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(2)    Pursuant to 18 U.S.C. § 4241(b), the Court orders that a psychiatric or psychological examination of the Defendant be conducted, and that a psychiatric or

psychological report be filed with the Court pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

(3) The Court designates Dr. Susan Bograd, a previously qualified local expert in the field of forensic psychology, to perform the examination and file the report. The Court orders that the examination be conducted at the facility where Defendant is being detained – currently the Federal Detention Center, Englewood, Colorado, and directs defense counsel to contact Dr. Bograd, within three (3) days of the date of this Order, to arrange for said examination. Defense counsel shall also provide a copy of this Order to the facility at which Defendant is being detained to facilitate Dr. Bograd's access to Defendant. The report shall be filed by providing the Court with a copy using Secure Portal.

(4) The examination provided for herein shall be completed within thirty (30) days of the date of the first meeting between Dr. Bograd and the Defendant, except that Dr. Bograd may apply for a reasonable extension of time, not to exceed fifteen (15) days upon a showing of good cause that the additional time is necessary for the examination.

(5) Not later than 45 days from the date of the Defendant's first meeting with Dr. Bograd, she file a report with respect to Defendant's competency. Upon receipt of the report, the Court will cause the same to be filed as Restricted Level 1.

(6) A competency hearing will be set upon receipt of Dr. Bograd's report.

(7) Pursuant to 18 U.S.C. § 3161(h)(1)(A), the Court finds that the delay resulting from the determination of the Defendant's competency to proceed is excluded from the

calculation of the time within which trial must commence until such time as the Defendant is declared competent to proceed.

DATED this 13th day of November, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge