IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-384 RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WESLEY DAVID GILREATH,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Julia Martinez, Assistant United States Attorney, and defendant, WESLEY DAVID GILREATH, personally and through counsel, Laura Suelau, Assistant Federal Public Defender, submit the following Plea Agreement.

### I. PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties understand that any recommendations that a particular sentence or sentencing range be imposed pursuant to this Plea Agreement is not binding on the court.

A. **Defendant's Obligations**

    1. **Count of Conviction**

The defendant agrees to plead guilty to Counts One and Two of the Indictment charging violations of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) - Possession of Child Pornography. The defendant also agrees to admit the Forfeiture Allegation contained in the Indictment.

Court's Exhibit 1

## 2. Sentencing Position

As part of this agreement, the defendant agrees not to seek a sentence below 60 months imprisonment and agrees that he will not otherwise present argument or statements that are contrary to that sentencing position. This is because the parties have agreed that the government will not bring charges involving transportation, receipt, or distribution of child pornography, which carry penalties that include a sentence of imprisonment of *not less than* 5 years or 60 months. 18 U.S.C. § 2252A(b)(1).

## 3. Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of **33**; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing

guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and may bring any additional charges it has agreed not to bring pursuant to this agreement.

4. **Defendant's Abandonment of Right, Title, and Claim to Seized Property**

The United States of America and the defendant hereby agree that any property subject to forfeiture pursuant to 18 U.S.C. § 2253, seized from the defendant or his co-defendants, and currently in the custody and/or control of the Federal Bureau of Investigation (FBI), was properly seized and that such property constitutes evidence, contraband, or fruits of the crimes to which the defendant has pleaded guilty. As such, the defendant hereby relinquishes all claims, title, and interest the defendant has in such property, specifically

a) An Apple iPhone 5 having IMEI 013426007825476;

b) An Infinitive 32 gigabyte USB drive having serial number 4C530001220523111001;

c) An LG Q7+ cellular telephone having IMEI 357568091544259

to the United States of America with the understanding and consent that the Federal Bureau of Investigation, or other appropriate agency, is to destroy the property described above forthwith without further obligation or duty whatsoever owing to the defendant or any other person.

As part of the Plea Agreement in this case, the defendant hereby states under penalty of perjury that the defendant was the sole and rightful owner of the previously referenced property, and that the defendant hereby voluntarily abandons all right and claim to this property.

5. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to:

a) An Apple iPhone 5 having IMEI 013426007825476;

b) An Infinitive 32 gigabyte USB drive having serial number 4C530001220523111001;

c) An LG Q7+ cellular telephone having IMEI 357568091544259.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

### 6. **Restitution**

Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. § 2259(c)(4) and as may be proved by the government or stipulated to by the parties. Defendant will be required to pay restitution for the full amount of the victims' losses to all victims of the offense to which defendant is pleading guilty. For purposes of this paragraph, the term "victim" is defined in 18 U.S.C. § 2259(c)(4), and the term "full amount of the victims' losses" is defined

in 18 U.S.C. § 2259(c)(2). Defendant further understands the amount of loss sustained by each victim will be determined during the course of preparation of the presentence investigation report.

The defendant acknowledges that as per 18 U.S.C. § 2259(b)(2)(B), the court shall order restitution in an amount which is no less than $3,000 per victim. The defendant agrees that there is a factual basis for the entry of a restitution award in this amount for each victim depicted in the child pornography images and videos possessed by the defendant.

Defendant acknowledges that the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source. Defendant agrees to cooperate in the investigation of the amount of loss and the identification of victims. Defendant understands full restitution will be ordered regardless of defendant's financial resources. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. Defendant further agrees to comply with any restitution order entered at the time of sentencing. Defendant agrees to cooperate in efforts to collect the restitution obligation, by any means the United States deems appropriate. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

B. **Government's Obligations**

   1. **Additional Charges**

If the defendant enters an unconditional plea of guilty to Counts One and Two of the Indictment and otherwise fulfills all obligations outlined above, the government agrees not to charge the defendant with any other violations of law now known to the United States Attorney's Office for the District of Colorado.

2. **Sentencing Position**

Provided that the guideline range is calculated consistent with or higher than **168-210 months**, the government also agrees to recommend a sentence of imprisonment that is within that range; however, the government is not bound to recommend any particular term of supervised release. Should Probation or the Court determine that the guideline range is lower, the government reserves its ability to seek an upward variance to the extent necessary to achieve a sentence consistent with the sentencing range calculated in this agreement.

3. **Acceptance of Responsibility**

If the defendant engages in no conduct that otherwise implicates § 3C1.1, the government agrees that a 3 point reduction in the offense level for acceptance of responsibility, pursuant to § 3E1.1, is appropriate and agrees to make the appropriate motion at sentencing.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense(s) to which this plea is being tendered, the crime of Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), are as follows:

*One*: Defendant knowingly possessed any computer disk or other material that contained an image of child pornography;

*Two*: That the child pornography has been mailed or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or

foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Three*: That when the defendant possessed the child pornography, he knew it was child pornography.[1]

Possession is defined as "the holding or having something material or immaterial as one's own, or in one's control." *United States v. Bass, 411 F.3d 1198, 1201* (10th Cir. 2005) (quotations and citations omitted) (child pornography possession case).

"Child pornography" is defined as any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.[2]

"Sexually explicit conduct" means actual or simulated:

1. sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; or

2. bestiality; or

3. masturbation; or

4. sadistic or masochistic abuse; or

---

[1] 18 U.S.C. § 2252A(5)(B); Eleventh Circuit Pattern Jury Instruction O83.4A (2016) [modified]. The Tenth Circuit does not have a pattern instruction on this crime.
[2] 18 U.S.C. § 2256(8)(A).

    5.    lascivious exhibition of the anus, genitals, or pubic area of any person.[3]

### III. **STATUTORY PENALTIES**

Based on the defendant's criminal history known at this time, the applicable maximum statutory penalty for two violations of 18 U.S.C. § 2252A(a)(5)(B) is not more than 20 years imprisonment, not more than a $500,000 fine, or both. 18 U.S.C. § 2252A(b)(2). Pursuant to 18 U.S.C. § 3583(k), because the defendant is pleading guilty to violating 18 U.S.C. § 2252A, the term of supervised release is not less than 5 years and up to a term of life. Defendant will also be required to pay a $200 special assessment fee. Defendant will be required to pay a $5,000 special assessment unless the Court finds that the defendant is indigent. Defendant will also be required to pay a special assessment of no more than $17,000 per count for his conviction under 18 U.S.C. Section 2252(a)(4) or Section 2252A(a)(5).

The parties do not believe the following provision is applicable, but if the defendant has been previously convicted under Chapter 110, 71, 109A, 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, the penalty for a violation of 18 U.S.C. § 2252A(a)(5)(B) is not less than 10 years nor more than 20 years imprisonment, not more than $250,000 fine or both.

The Court will impose a separate sentence on each count of conviction and may, to the extent permitted by law, impose such sentences either concurrently with or consecutively to each other.

---

[3] 18 U.S.C. § 2256(2)(A).

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the right to possess firearms, vote, hold elected office, and to serve on a jury. If the defendant is not a United States citizen, this conviction will result in the defendant's removal from the United States once he has completed any sentence of imprisonment.

### A. Future Violations of Supervised Release

If supervised release is imposed, a violation of any conditions of probation or supervised release may result in a separate prison sentence and additional supervision. If a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision.

### B. Registration under the Sex Offender Registration and Notification Act

The defendant has been advised and he understands that under the Sex Offender Registration and Notification Act, a federal law, and pursuant to 18 U.S.C. § 3583(d), upon his release from prison and as a condition of his supervised release, if any, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands he must register as a sex offender and must keep the registration current with the state sex offender registration agency in each of the following jurisdictions: where he was convicted, where he resides, where he is employed, and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, the names and addresses of any places where he is or will be an employee or a student, and information relating to intended travel outside the United States, among other information. The defendant further understands that the requirement to keep the

registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for violations of applicable state law or 18 U.S.C. § 2250, a federal law, which is punishable by a fine or imprisonment, or both. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to this Plea Agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense(s) of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the Plea Agreement.

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein, which do not contradict the facts to which the parties have stipulated, and which are relevant to the guideline computation under § 1B1.3, or to the sentencing factors found in § 1B1.4, 18 U.S.C. § 3553(a),

or to this Court's overall sentencing decision. In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." § 6B1.4 Comm.

The parties stipulate to the following facts:

On or about May 31, 2019, the defendant, Wesley David GILREATH, left his phone, an Apple iPhone 5 having IMEI 013426007825476 (hereinafter "the iPhone") on an RTD bus in Colorado. The iPhone was subsequently recovered by RTD employees in Boulder, Colorado, who provided it to the Boulder Police Department. The FBI later searched the iPhone pursuant to a valid federal search warrant.

The contents of the iPhone provided evidence that the defendant was the owner of the iPhone, and the defendant was in fact the owner of the iPhone. Identifying information on the iPhone included the phone number associated with the iPhone (1-317-777-1511), an email address belonging to the defendant (videomagazinist@gmail.com), the defendant's address in Boulder, Colorado, and text communications between the defendant and his father.

The contents of the iPhone also included child pornography images and videos, which the defendant knowingly possessed. In summary, the defendant possessed, on the iPhone, approximately 12,000 still images of prepubescent minor males and females, ranging in apparent ages from infants to pre-teens. The prepubescent minors are often shown nude, in sexual positions and/or poses wherein the focus of the images is the nude anus, genitalia and/or pubic area of the minors; engaged in sexual acts with themselves, adults, other minors and/or implements; as well as subject to bondage and/or sexual torture. The defendant also possessed, on the iPhone, approximately 200 videos of a similar nature. Metadata attributed to many of the

relevant still images reveals that they were saved on the Apple iPhone itself, rather than temporarily cached. The dates on which the defendant saved these images to the iPhone spans from at least on or about March 24, 2019, to on or about May 29, 2019. Four examples of images the defendant saved to the iPhone during this date range are as follows:

   a.   IMG_3081.jpg: This image depicts a prepubescent minor female. She is nude and lying on her back with her arms and legs spread apart. She is blindfolded and bound to the floor with black restraints on her wrists and ankles. Her genitalia is exposed.

   b.   IMG_2529.jpg: This image depicts a prepubescent minor female. She is nude and lying on her back with her legs spread apart. She is blindfolded. Her genitalia would be visible but for the fact a dog appears to be placing its mouth on the genitalia of the child.

   c.   IMG_2308.jpg: This image depicts a prepubescent minor female. She is lying on her back. Her bare chest and her face are visible. An adult penis is near her face; a substance appearing to be ejaculate is on her mouth, chin, and neck.

   d.   Image 5003_364: This image depicts a prepubescent minor female who appears to be under the age of 4. The image shows the torso, pubic area, and upper thigh portions of the legs of the toddler. The toddler's vagina is fully exposed, and her anus is being penetrated by what appears to be the penis of an adult male.

In addition to the specific images described above, the defendant possessed, on the iPhone, numerous images and videos depicting the sexual abuse and/or torture of infants and/or toddlers.

The defendant also used the iPhone to seek out child pornography. The iPhone's Internet history includes the following:

      a.      On May 19, 2019, at approximately 2:45:05 a.m., an Internet search using the Safari browser was conducted using the following phrase [verbatim]: "white toddler raped by big black cock."

      b.      On May 19, 2019, at approximately 2:42:44 a.m., an Internet search using the Safari browser was conducted using the following phrase [verbatim]: "interracial child porn."

      c.      On May 6, 2019, at approximately 9:11:58 p.m., an Internet search using the Safari browser was conducted using the following phrase [verbatim]: "pdf Pedophile's Guide to Love and Pleasure Philip R. Greaves." "Pedophile's Guide to Love and Pleasure" by Philip R. Greaves is a written work that is well-known by law enforcement to contain explicit instructions about grooming minor victims to engage in sexual acts with adults as well as instructions about engaging in sexual acts with those minor victims.

      d.      On May 18, 2019, at approximately 12:40:13 a.m., a website was visited having the title [verbatim] "/mir/ ~ babypussy[.]"

      e.      On May 17, 2019, at approximately 11:53:23 p.m., a website was visited having the title "/mir/ ~ youngpenetration[.]"

The iPhone was manufactured outside of Colorado.

On July 31, 2019, the defendant was arrested pursuant to a criminal complaint charging him with one count of possession of child pornography. On August 1, 2019, the FBI searched the defendant's residence pursuant to a valid federal search warrant. Among other items, the FBI seized an Infinitive 32 gigabyte USB drive having serial number 4C5300012205231 11001, which the defendant had labeled "CP," (hereinafter "the thumb drive") and an LG Q7+ cellular telephone having IMEI 357568091544259 (hereinafter "the LG phone"). Both the thumb drive

and the LG phone belonged to the defendant. The defendant was utilizing the same phone number on the LG phone as he had been on the iPhone prior to leaving it on the RTD bus. The defendant knowingly possessed images and videos depicting child pornography on both the thumb drive and the LG 7+ phone.

On the thumb drive, the defendant knowingly possessed approximately 22,000 images and 2,400 videos depicting child pornography, including images and videos depicting toddlers, infants, and acts of violence. The images were primarily saved in a folder named "CP," within a subfolder named "photos" on the thumb drive. The videos were primarily saved in a subfolder of the "CP" folder named "videos." The defendant also knowingly possessed on the thumb drive a .pdf file titled "Babyfucker by Urs Allemann," containing explicit instructions for engaging in sexual acts and intercourse with infants, and a .pdf file titled "How_to_practice_child_love," containing explicit instructions for engaging in sexual acts and intercourse with minors.

Three examples of the images knowingly possessed on the thumb drive, in the "CP\photos" folder, depicting child pornography include:

    a.    1w4b2kwl.jpg: This image depicts a prepubescent minor female who appears to be under the age of 4. She is lying on her back nude with her legs spread. An adult male is visibly penetrating her vagina with his penis.

    b.    img_1359.jpg: This image depicts a prepubescent minor female appearing to be under the age of 2. The child's anus and vagina are being visibly penetrated by two adult male penises. The child is on her stomach with her eyes closed sucking her thumb.

On the LG phone the defendant knowingly possessed approximately 4,750 images and approximately 1,400 videos depicting child pornography, including images and videos depicting

toddlers, infants, and acts of violence. Many of the photos, including the following two examples were saved on the SD card in the phone on a folder "CP/photos.":

    a.    0076a.jpg: This image depicts a nude prepubescent minor female who appears to be under the age of 3. She is lying on her back nude with her legs spread apart. Her arm is held down. An individual, whose arm and torso only are visible, is contacting her vagina with a dildo.

    b.    174516508_295538785.jpg: This image depicts a nude prepubescent minor female nude lying on back. Her arms are behind her head. Her eyes are blacked out with a box. Her legs are spread, and a pink dildo is inserted into her vagina.

The thumb drive and the LG phone were both manufactured outside of Colorado.

The defendant also used various social media accounts to knowingly receive, transport, and distribute images and videos depicting child pornography. One social media account the defendant used was a Gab account with the username "NatSat," which the defendant used from on or about June 22, 2019, until on or about June 24, 2019. The defendant used his "NatSat" Gab account to knowingly make 15 posts on Gab attaching a total of 24 images depicting child pornography. Eight of these posts received a "like," "repost," and/or "reply" by another Gab user, indicating that the attached images were viewed by another.

The defendant also used three Twitter accounts to knowingly transport images depicting child pornography. Between on or about May 7, 2019, and May 10, 2019, the defendant knowingly used Twitter account "NatSat6" to engage in direct messaging with other Twitter users about distributing, transporting, and receiving child pornography. The defendant sent and received web links as part of these direct messages. Some of the files located at the web links

were captured by Twitter, including three images and two videos depicting child pornography. On or about February 18, 2019, the defendant used Twitter account "NationalSatani1" to knowingly send, via direct messaging to other Twitter users, web links to two images containing child pornography, which were captured by Twitter. On or about October 7, 2018, the defendant used Twitter account "NSatanist" to knowingly send, via direct messaging to another Twitter user, web links to three images containing child pornography, which were captured by Twitter.

A submission of a sampling of the child pornography images on the iPhone, the thumb drive, and the LG phone to NCMEC determined that the defendant's child pornography collection depicts minor victims previously identified by law enforcement. A complete report is pending.

Defendant admits that the images and videos he possessed, including those contained on the iPhone, the thumb drive, the LG phone, and in the Gab and Twitter accounts referenced above, were child pornography as defined in 18 U.S.C. § 2256(8)(A); that he knew they were child pornography when he possessed them; that the material involved minors who had not attained the age of 12 years; that the offense involved the use of the Internet to distribute child pornography to another individual; that the offense involved material portraying sadistic or masochistic conduct or other depictions of violence; that the offense involved material portraying the sexual abuse or exploitation of an infant or toddler; that he used a computer to commit the offense; that the offense involved more than 600 images; and that the child pornography had been mailed or had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, and was produced using materials that have been mailed, or that have been shipped or

transported in or affecting interstate or foreign commerce by any means, including by computer, when the defendant possessed them in Colorado.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may make legal or factual arguments that affect the estimate below.

**Offense Level**: Under § 2G2.2, the base offense level for this offense is **18**. § 2G2.2(a)(1).

A. Because the pornographic material involved a prepubescent minor AND/OR minors who had not attained the age of 12, there is an increase of **+2** levels. § 2G2.2(b)(2).

B. Because the defendant knowingly engaged in distribution, the parties agree there is an increase of at least **+2** levels. § 2G2.2(b)(3)(F).

   i. The government reserves the right to argue that the defendant distributed in exchange for valuable consideration, and an increase of **+5** levels. § 2G2.2(b)(3)(B)

C. Because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence and sexual abuse or exploitation of an infant or toddler, there

is an increase of +4 levels. § 2G2.2(b)(4).

D. Because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, there is an increase of +2 levels. § 2G2.2(b)(6).

E. Because the offense involved 600 or more images, increase by +5 levels. § 2G2.2(b)(7)(D).

F. No victim-related, role-in-offense, obstruction and/or multiple count adjustments apply.

G. Defendant should receive a decrease in the offense level by -2 based upon his acceptance of responsibility. § 3E1.1(a). Defendant should also receive a decrease in the offense level by –1 for timely notifying the government. § 3E1.1(b). At sentencing, the government will make the appropriate motion for the one-point reduction.

H. The parties agree the adjusted offense level is at least **30**.

   i. The government reserves the right to argue that the adjusted offense level is **33**.

**Criminal History Category**

I. The parties acknowledge and agree that the estimation regarding Defendant's criminal history is tentative. Defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. Defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding Defendant's criminal history, the parties believe that Defendant falls within Criminal History Category ("CHC") **III**. § 4A1.1.

J. The career offender and repeat and dangerous sex offender adjustments tentatively do not apply. § 4B1.1; § 4B1.5.

**Guideline Ranges**

K. The guideline range resulting from the estimated offense level of 30 and the estimated criminal history category of III is **121 to 151** months imprisonment. However, the imprisonment range could be from 97 months (bottom of CHC I) to 210 months (top of CHC VI).

   i. The guideline range resulting from the estimated offense level of 33 and the estimated criminal history category of III is **168 to 210** months imprisonment. However, the imprisonment range could be from 135 months (bottom of CHC I) to 293 months (top of CHC VI).

18

L. Pursuant to § 5E1.2, assuming the estimated offense level of 30, the fine range for this offense would be $30,000 to $300,000, plus applicable interest and penalties.

   i. Pursuant to § 5E1.2, assuming the estimated offense level of 33, the fine range for this offense would be $35,000 to $350,000, plus applicable interest and penalties.

M. Pursuant to 18 U.S.C. § 3583(k) and § 5D1.2(b)(2), if the Court imposes the term of supervised release, that term shall be at least 5 years but not more than life.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements, (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 2/26/20

WESLEY DAVID GILREATH
Defendant

Date: 2/26/20

Laura Suelau
Attorney for Defendant

Date: 2/26/20

Julia Martinez
Assistant U.S. Attorney