IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00384-RM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    WESLEY DAVID GILREATH,

        Defendant.
_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
_____

COMES NOW the United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Tonya Andrews, pursuant to 18 U.S.C. § 2253 and incorporating the Plea Agreement entered into with defendant Wesley David Gilreath, and moves this Court to enter a Preliminary Order of Forfeiture.

**I.**    **Procedural Background**

1.    On August 22, 2019, the grand jury charged defendant Wesley David Gilreath, by Indictment in Counts One and Two with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). (Doc. 12).

2.    The United States also sought forfeiture from defendant Wesley David Gilreath, pursuant to 18 U.S.C. § 2253, of any and all of the defendant's right, title and interest in:

    a)    any visual depiction described in section 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of Title 18, or any book, magazine, periodical, film or

1

videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 19 U.S.C. Chapter 10;

b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property the defendant obtained as a result of Count One and Two.

3. On February 26, 2020, the United States and defendant Wesley David Gilreath entered into a Plea Agreement. (Doc. 36). The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Counts One and Two of the Indictment, Possession of Child Pornography, charging a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The defendant further agreed to the forfeiture of any and all property subject to forfeiture pursuant to 18 U.S.C. § 2253. This property includes:

a) An Apple iPhone 5 having IMEI 013426007825476;

b) An Infinitive 32 gigabyte USB drive having serial number 4C530001220523111001; and

c) An LG Q7+ cellular telephone having IMEI 357568091544259.

**II. Legal Argument**

4. Pursuant to 18 U.S.C. § 2253, the Court shall order criminal forfeiture of property used or intended to be used to commit or to facilitate the commission of or

2

property constituting or derived from any proceeds obtained directly or indirectly as a result of 18 U.S.C. § 2252A(a)(5)(b).

5. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 2253 as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A).

6. It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

7. As set forth in the Plea Agreement, the defendant and United States agree that the subject property was used to commit or to facilitate the commission of such offense to which the defendant has pleaded guilty. Specifically, the above identified computer and hard drives contained files that depicted child pornography. Accordingly, the defendant's interest in the subject property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253.

8. A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture. In addition, 18 U.S.C. § 2253 requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and

publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 25th day of June 2020.

        Respectfully submitted,

        JASON R. DUNN
        United States Attorney

By:   s/ *Tonya Andrews*
       Tonya Andrews
       Assistant U.S. Attorney
       U.S. Attorney's Office
       1801 California Street, Suite 1800
       Denver, Colorado 80202
       Telephone: (303) 454-0100
       E-mail: tonya.andrews@usdoj.gov
       *Attorney for the United States*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of June 2020, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

        s/ *Jasmine Zachariah*
        FSA Data Analyst
        Office of the U.S. Attorney