**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-01309-RM
Criminal Action No. 19-cr-00384-RM-1

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

WESLEY DAVID GILREATH,

    Defendant-Movant.
_____

**UNITED STATES' RESPONSE TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 [DKT. #75]**
_____

    In his § 2255 motion (Dkt. #75), Defendant Wesley David Gilreath asserts a single, undeveloped claim that he was given an upward variance "though [he has] no relevant criminal history." The motion should be denied for three threshold reasons: (1) he waived his right to file a § 2255 motion in his plea agreement; (2) non-constitutional sentencing challenges are not cognizable under § 2255; and (3) the claim is procedurally defaulted. The claim is also meritless. Gilreath's upward variance was not based on his criminal history. It was based on *all* the relevant 18 U.S.C. § 3553(a) factors, most notably the severity of the offense and Gilreath's danger to the public.

### BACKGROUND

    Gilreath pleaded guilty to two counts of possession of child pornography. Ex. A (Plea Agmt., Dkt. #36). In his plea agreement, he waived his right to appeal his sentence or collaterally attack his sentence, with limited exceptions. *Id.* at 2-3.

1

In total, Gilreath possessed nearly 40,000 images and 4,000 videos, hundreds of which were five minutes or longer. Dkt. #58 (PSR) at 23, ¶ 127. The collection included images and videos of toddlers and infants, and depictions of sexual violence and torture of children. Ex. A at 11-13. Gilreath also possessed files containing instructions for engaging in sexual acts with children. *Id.* at 14. Gilreath has posted online "hunting guides" with information about refugee centers, mosques, and synagogues, and he recently attempted to purchase a gun. Dkt. #58 at ¶¶ 38-42.

Gilreath's advisory guideline sentencing range was 135-168 months based on a total offense level of 30 and a criminal history category of IV. Dkt. #70 (Statement of Reasons) at 1. The Court departed downward based on its finding that Gilreath's criminal history was substantially overrepresented. *Id.* at 2; Dkt. #78 (Tr. of Sentencing Hr'g) at 87-88. It then varied upward to impose a total sentence of 186 months' imprisonment. Dkt. #70 at 3; Dkt. #78 at 153-54. The Court based that variance on its consideration of all of the 18 U.S.C. § 3553(a) factors, particularly the danger Gilreath posed to the public and the seriousness of his offense. *Id.* at 148-53. Specifically, the Court emphasized the escalating nature of Gilreath's behavior and the "preparatory" nature of some of the materials Gilreath possessed. Ultimately, the Court concluded:

> [A]ll things considered, going down for criminal history, also factoring back in the offense conduct, factoring back in the extremity, factoring back in the number of videos and the length of those videos, factoring all of these things in, the appropriate sentence is 186 [months] . . .

*Id.* at 153-54.

## RULE 5 STATEMENT AND TIMELINESS

Gilreath has not previously used any other federal remedies or filed any prior post-conviction motions, and no evidentiary hearings have been conducted.

The motion is timely.  A § 2255 motion is timely if it is filed with one year of the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  This Court entered its amended judgment on September 21, 2020.  Dkt. #71.  Because Gilreath did not file a direct appeal, that judgment became final on October 5, 2020, when the time to file an appeal expired.  *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006).  Gilreath filed his motion on May 12, 2021.  Dkt. #75.

## ARGUMENT

**I.**   **Gilreath waived his right to file a § 2255 motion in his plea agreement.**

In his plea agreement, Gilreath "knowingly and voluntarily waive[d] the right to challenge [his] prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255)."  Ex. A at 2.  The waiver provision included three exceptions, but none apply here.  That waiver requires dismissal of Gilreath's claim if (1) the claim falls within the scope of the waiver; (2) the waiver was knowing and voluntary; and (3) enforcing the waiver would not result in a miscarriage of justice.  *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012).

All three conditions are satisfied here:

1.   The waiver expressly states that Gilreath waives his right to bring a § 2255 motion, except on the three limited grounds of an explicitly retroactive change to the sentencing guidelines or sentencing statute, ineffective assistance of counsel, or

3

prosecutorial misconduct.  Ex. A at 2; *see Viera*, 674 F.3d at 1217.  Gilreath's challenge to the length of his sentence does not fall within any of those exceptions.

2. The waiver was knowing and voluntary, as stated in the plea agreement and as this Court found at the change of plea hearing.  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (looking to whether plea agreement "states that the defendant entered the agreement knowingly and voluntarily" and whether there is an adequate Rule 11 colloquy); *see* Dkt. #77 (Tr. of Change of Plea Hr'g) at 31.

3. The enforcement of a waiver does not result in a miscarriage of justice except in four scenarios: (1) the district court relied on an impermissible factor such as race; (2) the waiver was the result of ineffective assistance of counsel; (3) the sentence exceeds the statutory maximum; or (4) the waiver itself is otherwise unlawful.  *Hahn*, 359 F.3d at 1327.  None of the four "miscarriage of justice" scenarios is present here.

Because Gilreath waived his right to challenge his sentence in a § 2255 motion, the motion must be dismissed.

## II. Gilreath's non-constitutional challenge to his sentence is not cognizable in a § 2255 motion.

Even if Gilreath's claim were not waived, it would not be cognizable.  A claim is cognizable under § 2255 only if the alleged error is jurisdictional, constitutional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure."  *Hill v. United States*, 368 U.S. 424, 428 (1962).  Thus, a non-constitutional, non-jurisdictional claim must "present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."  *United States v. Talk*, 158 F.3d 1064, 1069 (10th

Cir. 1998), *abrogated on other grounds by Miller-El v. Cockrell*, 537 U.S. 322 (2003). A non-constitutional claim of sentencing error ordinarily does not meet this standard. *United States v. Rayford*, 496 F. App'x 767, 769 (10th Cir. 2012) (unpublished).

Gilreath's claim is a garden-variety challenge to the reasonableness of his sentence. He does not allege any jurisdictional or constitutional error. Nor does he identify any fundamental defect or omission in the proceedings. Indeed, he does not even allege that there was any error in the guideline calculation. Instead, he simply asserts that the court should not have varied upward from the guideline range. A § 2255 motion is not a proper vehicle to revisit the reasonableness of a sentence.

### III.     **Gilreath's claim is procedurally defaulted.**

The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, when a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show (1) cause excusing his procedural default and actual prejudice resulting from the alleged errors; or (2) that a fundamental miscarriage of justice will occur if the claim is not addressed. *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012); *see also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that appeal waiver bars defendant from asserting issue in § 2255 motion). A "fundamental miscarriage of justice" occurs only when the defendant is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Because Gilreath did not file a direct appeal, his claim is procedurally defaulted. And he has failed to allege facts to overcome that default. The only purported "cause"

he identifies is the Sixth Circuit's decision in *United States v. Lee*, 974 F.3d 670 (6th Cir. 2020). But *Lee* was issued *before* the amended judgment in this case (and the same day as the original judgment). *See id.* (September 4, 2020); Dkt. #71 (Amended Judgment, Sept. 21, 2020); Dkt. #69 (Judgment, Sept. 4, 2020).

In any event, *Lee* has no bearing on Gilreath's sentence. That case simply held that the variance in that case was substantively unreasonable. 974 F.3d at 677. It did not announce any new legal principle—much less one that would control in the Tenth Circuit. *Id.* at 680 (limiting holding to "this case"). Moreover, the problem in *Lee* was that the variance was based on the defendant's unrelated criminal history. *Id.* at 677. Gilreath's variance was not based on his criminal history, but rather on his danger to the public and the severity of the offense conduct. Dkt. #78 at 148-54. Indeed, Gilreath's criminal history was a mitigating factor *reducing* the overall sentence. *Id.* at 153, 87.

Even if *Lee* had announced a new rule applicable to him, a legal development does not establish cause unless the claim "is so novel that its legal basis is not reasonably available to counsel." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2011). Gilreath's apparent argument that the upward variance was unreasonable certainly was not novel.

Nor could Gilreath show prejudice because there was no error, as discussed below. *Cf. United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018) (noting that sentence will be reversed as substantively unreasonable only if it was "arbitrary, capricious, whimsical, or manifestly unreasonable"). And Gilreath does not claim that he is actually innocent, as necessary to show a miscarriage of justice. *McGaughy*, 670

6

F.3d at 1159.  Indeed, a defendant *cannot* be actually innocent of a noncapital sentence.  *United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir. 2012).

Thus, Gilreath cannot overcome his procedural default.

## IV.     Gilreath's claim is meritless.

Although there are several threshold reasons that the Court should not reach the merits of Gilreath's motion, he also fails to identify any error.  Gilreath's only claim is that he was given an upward variance despite "no relevant criminal history."  Mot. at 4.

But Gilreath was not given an upward variance based on his criminal history (nor would it be error if he had).  To the contrary, the Court granted Gilreath's motion for a *downward* departure based on overrepresentation of his criminal history.  Dkt. #78 at 87.  The Court then fully explained the basis for its overall sentence.  *See Barnes*, 890 F.3d at 916 (noting that variances are generally upheld "when the district court properly weighs the § 3553(a) factors and offers valid reasons for the chosen sentence").  Specifically, the Court made clear that its sentence was not based on any one factor, but on the "recognition that all things considered, *going down for criminal history*, also factoring back in the offense conduct, factoring back in the extremity, factoring back in the number of videos and the length of those videos, factoring all of these things in, the appropriate sentence is 186 [months]."  Dkt. #78 at 153-54 (emphasis added).

Gilreath has identified no legal error in the Court's analysis.  Nor has he identified anything to suggest that the Court abused its discretion in reaching its conclusion.

## CONCLUSION

Gilreath's motion should be denied.

DATED June 9, 2021.

Respectfully submitted,

MATTHEW T. KIRSCH
Acting United States Attorney

*/s/ Karl L. Schock*
KARL L. SCHOCK
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303-454-0100
E-mail: karl.schock@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# CERTIFICATE OF SERVICE (CM/Colorado)

I hereby certify that on June 9, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that a copy will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Wesley Gilreath 45417-013
Federal Correctional Institution #1
PO Box 3725
Adelanto, California 92301

/s/ Kayla Keiter
KAYLA KEITER
U.S. Attorney's Office

8